UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-7-HAB |
| ) | |
| STEVEN J. HECKE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Extension of Time to File Notice of Appeal (ECF No. 259) (the "Motion"), filed on July 12, 2023. In that Motion, counsel for Defendant asserts excusable neglect and/or good cause for his failure to timely file a notice of appeal from the June 21, 2023, Judgment in a Criminal Case, which sentenced Defendant to life imprisonment plus 25 years following his trial and conviction on a nine count Indictment. Because Defendant has articulated a sufficient basis for the belated extension, the Motion will be GRANTED.

**Discussion**

A defendant in a criminal case must file his notice of appeal in the district court within 14 days after "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Hecke was sentenced on June 21, 2023, which meant that the notice of appeal had to be filed by July 5, 2023, to be timely. Fed. R. App. P. 4(b)(1). As represented by counsel in his motion, following the sentencing hearing, counsel for Defendant, Stanley Campbell, prepared a notice of appeal because, "it has always been Defendant Hecke's determination to appeal this case." Counsel then left to travel out of the state from June 23, 2023, through July 5, 2023. Upon returning to the state, counsel was engaged in matters in neighboring counties on July 6 and 7,

finally returning to his office on July 10, 2023. While he was out of state, Counsel had anticipated that that his legal assistant would file the notice of appeal previously prepared before he left out of state. Unfortunately, however, counsel's legal assistant suffered a death in her family and had to travel to New York. She did not return to the office until July 11, 2023, at which time counsel became aware that the notice of appeal was not filed.

Counsel requests relief under Federal Rule of Appellate Procedure 4(b)(4) which permits a district court to extend the time to file a notice of appeal "before or after the time has expired" "upon a finding of excusable neglect or good cause." Counsel represents that Hecke would be severely prejudiced if he is unable to proceed on appeal, especially given the life sentence he received. Counsel represents that Hecke intends to appeal the rulings on his pretrial Motions to Suppress and request for a *Franks* hearing, various trial issues, and the Court's rulings on his objections to the Presentence Investigation Report. He asks that the Court find "good cause" to permit a belated appeal.

"Good cause" may exist when a § 2255 motion alleging ineffective assistance of counsel has a sufficiently high likelihood of success. *United States v. Alvarez-Martinez*, 286 F.3d 470, 473 (7th Cir. 2002)(acknowledging that inadvertence or miscalculation by counsel are not sufficient reasons to extend time). If a defendant makes a request in open court, or to counsel within the required period, the lawyer's failure to ensure that the clerk followed through by docketing the notice of appeal may support a claim that the defendant's Sixth Amendment right to counsel has been violated. *United States v. Hirsch*, 207 F.3d 928, 930–31 (7th Cir. 2000). That is because these scenarios indicate a more serious communication problem between the lawyer and his client. *Alvarez-Martinez*, 286 F.3d at 473. Strict enforcement of the Rules of Appellate Procedure means that the defendant's usual remedy is to file a § 2255 motion; and if the district court finds a Sixth

Amendment violation, "then the court must vacate the judgment and reimpose the sentence to permit an appeal." *Hirsch*, 207 F.3d at 930–31. However, a court may choose to avoid a § 2255 motion's "time-consuming ancillary proceeding[s]" by reasonably concluding "that good cause had also been shown to extend the time for filing a notice of appeal in the ordinary course." *Alvarez-Martinez*, 286 F.3d at 473.

As Defendant's counsel points out, Hecke has not been shy about his intention to appeal. He has said as much in multiple letters to the Court, even going so far as to attempt to make his own record of issues for appeal. (ECF No. 245, p. 1: "As one must, when facing a life sentence, a person must develop [sic] a record for appellate review…"). Thus, absent an extension of time, Hecke will be deprived of his right to file an appeal because a notice was not filed by July 5, 2023. This scenario presents good cause to extend the time to file the notice of appeal. *Alvarez-Martinez*, 286 F.3d at 473 ("By granting an extension here, the district court allowed counsel to mend a potentially disastrous lapse in representation."). The Government would suffer no prejudice by allowing the extension and, allowing Hecke's appeal would expedite the resolution of his claims because it would save Hecke from having to file a § 2255 motion alleging a Sixth Amendment violation caused by not filing a timely notice of appeal. Accordingly, the Court extends the time to file a notice of appeal until July 13, 2023. Fed. R. App. P. 4(b)(4). The Court DEEMS the Defendant's Notice of Appeal filed as ECF No. 259-1, a timely notice of appeal and will direct the Clerk to file ECF No. 259-1 in the record instanter.

## **CONCLUSION**

For the reasons above, the Court GRANTS the Motion to Extend Time to File an Appeal. (ECF No. 259). The CLERK is DIRECTED to file ECF No. 259-1 as a separate entry as of the date of this Order and transmit the short record to the Seventh Circuit Court of Appeals.

SO ORDERED on July 13, 2023.

                                                         s/ Holly A. Brady  
                                                         JUDGE HOLLY A. BRADY  
                                                         UNITED STATES DISTRICT COURT