**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

v.

STEVEN J HECKE

CASE NO. 1:20-CR-7-HAB-SLC

Defendant.

**OPINION AND ORDER**

A jury convicted Defendant Steven Hecke of drug and firearm offenses in June 2022. (ECF No. 173). Nearly a year later, this Court sentenced him to life imprisonment plus 25 years. (ECF No. 256). Now before the Court is Hecke's Motion for Return of Property (ECF No. 285), in which he seeks the return of property seized during the execution of search warrants on January 13 and 14, 2020, under Rule 41(g) of the Federal Rules of Criminal Procedure. Hecke's motion did not specify what property he wanted to be returned and included continuity reports listing all seized evidence, though his analysis generally focused on the return of two large cash amounts. The Government has responded (ECF No. 288) and Hecke has replied to the Government's response (ECF No. 291), making the motion ripe for ruling.[1]

I.    **Background**[2]

In January 2020, while investigating Hecke's drug-trafficking activities, officers obtained and executed federal search warrants "to search Hecke's truck, his cell phone, his house, his nearby

---

[1] The Court has held Hecke's motion under advisement pending completion of his direct appeal. Recently, this Court's judgment was affirmed "in all respects" by the Seventh Circuit Court of Appeals, *see United States v. Hecke*, 147 F.4th 742, 756 (7th Cir. 2025), and the United States Supreme Court has now denied Hecke's petition for writ of certiorari, *see Hecke v. United States*, No. 25-797, 146 S. Ct. 1596 (2026) (Mem.).

[2] The facts of this case have been set out in full by the Seventh Circuit in *United States v. Hecke*, 147 F.4th 742 (7th Cir. 2025), as well as in Hecke's Revised Final Presentence Investigation Report ("PSR") (ECF No. 208). Only facts relevant to the instant motion will be recounted here.

stash house, and two storage units that he frequently visited during the course of the investigation." *Hecke*, 147 F.4th at 747. While executing those warrants, officers uncovered copious amounts of drugs and firearms in Hecke's residence, as well as other items such as cell phones, drug ledgers, scales, a spoon with drug residue, drug packaging, small amounts of cash, ballistic vests, drug paraphernalia, and miscellaneous documents. (ECF No. 208 ¶¶ 25–29). On January 13, 2020, Hecke was arrested with his co-Defendant and "right hand man" Samuel Battell. *Hecke*, 147 F.4th at 755. Battell had $6,794 in his possession when he was arrested. On January 14, 2020, DEA agents executed a search warrant on a Chicago-area storage unit frequented by Hecke and discovered a bucket containing $24,000. (ECF No. 208 ¶ 29).

Illegal drug proceeds are eligible for civil forfeiture under 21 U.S.C. § 881(a)(6), subject to the procedural safeguards of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), codified at 18 U.S.C. § 983. After seizing the cash proceeds, the DEA pursued administrative forfeiture for both amounts and sent notification to Hecke at his place of incarceration—the Allen County Jail— informing him of the initiation of administrative forfeiture proceedings. (ECF No. 285-1 at 14– 17). The notices informed Hecke of his rights and gave him two ways to challenge the seizures: (a) file a "claim" with the DEA to contest the forfeiture, or (b) file a "petition of remission or mitigation" to "pardon" all or part of the property from the forfeiture. (*Id.*) The notices further instructed that, to file a claim, Hecke would need to make the claim under oath and describe the seized property as well as state his ownership or other interest in the property. (*Id.*) The deadline to file a petition was 30 days after receipt of the notice; the deadline to file a claim was April 3, 2020, for the $24,000 and April 2, 2020, for the $6,794. (*Id.*)

Hecke then wrote a letter to the DEA on March 13, 2020, in which he requested counsel pursuant to a judicial forfeiture provision and stating that he "does not claim or disvow [*sic*]

2

ownership in property currency" because he "cannot prove his or explain his relationship to property to render a factual legal claim to currency" given his pending criminal proceedings. (ECF No. 50-2 at 3–4). The DEA returned his letter on June 2, 2020, and requested clarification and correction because the agency was unsure if he intended to file a claim or a petition, but that in either case his letter was deficient because "[i]n order to file a claim or petition, you must clearly state your ownership interest in the seized property." (ECF 50-1 at 12). The DEA's letter contained similar information and warnings as provided in the original forfeiture notice, as well as provided Hecke with an additional 28 days from the letter in which to submit a valid claim or petition for remission. (*Id.*)

Rather than file a claim or petition, Hecke instead chose to write another letter on June 11, 2020, acknowledging that he was required to prove "standing" to claim the property, invoked his Fifth Amendment privilege against self-incrimination, and refused to provide any information about his interest in the property because he believed a claim of ownership would tend to incriminate him and he had a right to remain silent with respect to the claim form. (ECF 50-1 at 1–14). That letter included a request for the DEA to stay the forfeiture proceeding or else "move" the proceeding to his related criminal case, and while he nominally submitted a "claim" form, that form and his letter expressly did not claim ownership of the property. (*Id.*)

On July 16, 2020, Hecke filed a pro se motion in his criminal case for a stay of the administrative forfeiture proceedings. (ECF No. 50). The Government responded in opposition to the stay, noting that Hecke had failed to file a proper claim, meaning the Court did not have jurisdiction over the forfeiture proceeding. (ECF No. 53). Nevertheless, on September 21, 2020, Hecke's counsel filed a notice with the Court in his criminal case that the DEA was "willing to

suspend the administrative forfeiture proceedings in order to promote efficiency in the criminal case." (ECF No. 59).

Hecke's criminal case went on to trial in June 2022, and the jury convicted him of all counts. Before the start of trial, the Government filed a notice informing the Court that there was no need for criminal forfeiture. The DEA then waited multiple months after Hecke's trial to complete administrative forfeiture of the two cash items, with the $6,794 administratively forfeited on September 7, 2022, and the $24,000 administratively forfeited on February 16, 2023. (ECF No. 288-3, 288-4). Likewise, in May 2020 the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") administratively forfeited all the firearms and ammunition seized during the investigation, after advertising the forfeitures for 30 days and sending notice to parties of interest. (ECF No. 288-2).

## II.    Discussion

The Government requests that the Court construe Hecke's filing as a motion to set aside the administrative forfeitures under 18 U.S.C. § 983(e), as Rule 41(g) only applies to property seized *before* forfeiture proceedings are initiated. And because once an administrative forfeiture proceeding is complete a claimant can challenge only the sufficiency of the government's notice of the intended forfeiture, *see United States v. Norton*, 2024 WL 4182202, at *2 (7th Cir. Sept. 13, 2024), this Court's review must be limited to whether Hecke received adequate notice of the administrative forfeitures.

The Court agrees. Rule 41(g) "is not the proper way to challenge an administrative forfeiture in federal district court." *Wilson v. United States*, 75 F.4th 775, 777 (7th Cir. 2023). As the government points out, Rule 41(g) allows for the return of property obtained in a search and seizure "*before* forfeiture proceedings have been initiated." *Troconis-Escovar v. United States*, 59

4

F.4th 273, 276 (7th Cir. 2023); *see also United States v. Flournoy*, 714 F. App'x 592, 594 (7th Cir. 2018) ("The rule applies to property that the government has seized, but not property forfeited to it."). Here, the forfeiture proceedings for the cash items began at the end of February 2020, when the DEA sent official notice to Hecke of the forfeiture proceedings. (ECF No. 285-1 at 14–17). The forfeiture proceedings were then stayed—as requested by Hecke—pending his criminal trial, and the proceedings were not completed until well after the jury returned their guilty verdict. Hecke seems to believe, though he cites no legal authority, that the forfeiture proceedings being "suspended" amounted to the proceedings' termination. But he cannot all at once acknowledge that he demanded the Government stay the administrative forfeitures back in 2020—which the Government and DEA did, per Hecke's request—and now gripe that there is "no basis in law" for the parties to do just that. This matter amounts to no more than Hecke's heartburn over the fact that he never made a proper claim, even in the months following his conviction, and thus the cash items were properly administratively forfeited.

"Once an administrative forfeiture is complete, the scope of judicial review is extremely limited." *Troconis-Escovar*, 59 F.4th at 276. Under § 983(e), a claimant may file a motion to set aside a declaration of forfeiture only if he alleges that he never received sufficient notice of the government's intent to forfeit the property, and therefore "did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(B). "Apart from this narrow provision, Congress has authorized no other means for challenge a declaration of forfeiture. Section 983(e) is 'the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'" *Troconis-Escovar*, 59 F.4th at 276–77 (quoting 18 U.S.C. § 983(e)(5)). "So long as a claimant was afforded adequate notice of the pending forfeiture,

[he] may not seek relief in federal court in a manner that bypasses the statutorily prescribed process for contesting the forfeiture." *Id.*

Hecke makes no argument that the notice provided was insufficient, nor could he. Due process requires only that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The DEA sent notice to the place of Hecke's incarceration, which is all that the Seventh Circuit has indicated is required by due process in these kinds of cases. *See Chairez v. United States*, 355 F.3d 1099, 1101 (7th Cir. 2004) ("[T]he certified delivery and acceptance of the notice of forfeiture by authorized jail personnel reasonably apprised [the defendant] of the pendency of the forfeiture action."). And Hecke clearly received the notices, as he mailed letters to the DEA about the notices shortly thereafter, and even included copies of the notices in the instant motion. But Hecke made the active choice to never file a proper claim, and the forfeiture proceedings concluded. Because Hecke was afforded adequate notice of the administrative forfeiture actions, this Court lacks subject matter jurisdiction to consider any claim of his to the property. *See id.* at 1102.

As to other non-contraband items seized during the searches, the Government notes that it is not in possession of those items—which remain in the custody of the Allen County Police Department—but concedes that the Government would recommend the return of those items once Hecke's conviction is final and there is no remaining potential for retrial. (ECF No. 288 at 12–13). The Court agrees with the Government that it may rightfully delay the return of these items until Hecke's postconviction motions period has closed. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (noting Rule 41(g) can be invoked "after criminal proceedings have concluded to recover the defendant's property *when the property is no longer needed as evidence*" (emphasis

added)); *United States v. Frederickson*, 2024 WL 982498, at \*3 (7th Cir. Mar. 7, 2024) (holding "[t]he district court may delay the return of seized property if it may be used in later proceedings" and that a court reasonably delays the property's return where a defendant has outstanding challenges to his conviction because "if any succeed, the seized evidence may be necessary for a retrial").[3]

### III.    Conclusion

Hecke's request that this Court overturn the completed administrative forfeiture proceedings, is DENIED, as this Court lacks subject matter jurisdiction to consider those claims. As to the other non-contraband items seized in the searches which have not been administratively forfeited, that request is DENIED as MOOT as the Government has indicated its intent to recommend return of those items once Hecke's post-conviction motion period has run.

**SO ORDERED** this 12th day of August 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[3] Importantly, it is not clear that ordering the Government to return these items is relief the Court *could* grant, as the Government represents multiple times that it does not have possession of these items, which are instead in the custody of the Allen County Police Department. *See Frederickson*, 2024 WL 982498, at \*3 ("Rule 41(g) does not permit a district court to order state police to return seized property."); *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property *by the government*, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion" because "an action for the return of property is necessarily directed against the custodian." (emphasis in original)). Should Hecke attempt to use another Rule 41(g) motion to recover this property after his postconviction motions period has expired, he will need to address what authority this Court has to grant him such relief.